United States District Court
Southern District of Texas
**ENTERED**
November 19, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERONICA BOWIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 21-cv-1381 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Veronica Bowie alleges that on May 11, 2019 she slipped and fell on a puddle of water in a Wal-Mart bathroom. (Docket Entry No. 1-2 at ¶¶ 12–13, 15). Video surveillance of the entrance to the bathroom on that day shows that the fall occurred around 9:20 p.m. (Docket Entry No. 23-4). Bowie sued Wal-Mart Stores Texas, LLC, asserting negligence and gross negligence. (Docket Entry No. 1-2 at 4–5). The court dismissed Bowie's gross negligence claim, and discovery proceeded on her remaining claim. (Docket Entry No. 12). Wal-Mart has moved for summary judgment, arguing that under Texas law, Bowie's claim for premises defect fails because the record does not support an inference that Wal-Mart knew about the puddle long enough to have a duty to remove it. (Docket Entry No. 22). Bowie has responded, and Wal-Mart has replied. (Docket Entry Nos. 23, 26).[1]

Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion for summary judgment and enters final judgment by separate order. The reasons are set out below.

---

[1] Bowie submitted her response one day late. For completeness of the record, and because the delay was minor, the court overrules Wal-Mart's objection to the court's consideration of Bowie's response.

I.     **The Rule 56 Standard**

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)).  "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citations and internal quotation marks omitted).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings."  *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim.  *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).  "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."  *Lamb v. Ashford Place Apartments LLC*, 914 F.3d 940, 946 (5th Cir. 2019) (citation and internal quotation marks omitted).  In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor."  *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)).

**II.     Analysis**

Because this court's jurisdiction is based on diversity, state law applies. *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000). Wal-Mart argues that Texas law does not permit a premises liability claim on the facts Bowie alleges and that the summary judgment record presents. Bowie argues that there are factual disputes material to determining whether Wal-Mart had knowledge of sink-related plumbing issues and whether a water puddle was on the bathroom floor long enough for a Wal-Mart employee to have constructive knowledge and a duty to take reasonable action to warn of the risk or remove it.

Premises liability claims fall into two categories: negligent activities and premises defect claims. "When distinguishing between a negligent activity and a premises defect, [the Texas Supreme Court] has focused on whether the injury occurred by or as a contemporaneous result of the activity itself—a negligent activity—or rather by a condition created by the activity—a premises defect." *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 388 (Tex. 2016) (citation omitted). A negligent activity claim requires a plaintiff to show that she was "injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted). The Texas Supreme Court has "repeatedly characterized . . . slip-and-fall claims as premises defect cases because the injuries were alleged to have resulted from physical conditions on property," not from a contemporaneous activity. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017). Bowie alleges that she was injured by a dangerous condition—a water puddle—on a Wal-Mart bathroom floor.

Under Texas law, this is a classic presentation of a premises defect claim, not a negligent activity claim. *See H.E. Butt Grocery Co., v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992) (a plaintiff who slipped on a puddle made up of water, chicken blood, and other fluids could assert only a premises defect claim). Under Texas law, "a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances." *Robbins v. Sam's East, Inc.*, No. 21-20050, 2021 WL 3713543, at *1 (5th Cir. Aug. 20, 2021) (per curiam) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)). "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the invitee's injuries." *Id.* (citing *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)).

A plaintiff may satisfy the knowledge element in a slip-and-fall case by pointing to evidence showing that: "(1) the defendant caused the condition; (2) the defendant actually knew of the condition; or (3) 'it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.'" *Id.* (quoting *McCarty*, 864 F.3d at 358).

The summary judgment record does not support an inference that Wal-Mart caused the water puddle to be on the floor or had actual knowledge of its presence. Bowie argues that there are factual disputes material to determining whether Wal-Mart had actual knowledge of a leaking or damaged sink pipe that caused the puddle to form. Bowie testified, however, that she did not

4

observe any water coming from the sink pipes and that she only assumed that the puddle she slipped on was caused by a damaged or dripping pipe. (Docket Entry No. 22-2 at 10–12). Photographs that a Wal-Mart employee took immediately following Bowie's fall show that the bathroom sinks in question had no exposed pipes that she could have observed. (Docket Entry Nos. 22-3, 23-5). The lower part of the sinks was covered by a smooth metal panel blocking the pipes from view. (*Id.*). Wal-Mart has also submitted evidence that no repairs had been made to the sinks or sink pipes in the bathroom where Bowie slipped since at least 2018. (Docket Entry Nos. 22-4, 22-5). The undisputed record evidence shows that Wal-Mart did not have actual knowledge of a damaged or dripping sink pipe in the bathroom before Bowie fell.

Nor does the summary judgment record raise a factual dispute as to constructive knowledge. This "requires proof that an owner had a reasonable opportunity to discover the defect." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam). A court analyzes "the combination of proximity, conspicuity, and longevity"—the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place. *Id.* at 567–68. For a premises owner to be charged with constructive knowledge, a dangerous condition must have "existed for some length of time." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002). If the dangerous condition is conspicuous, "then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Id.* at 816. "[I]f an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition." *Id.*

5

There is no evidence in the summary judgment record as to how long the water puddle was on the bathroom floor before Bowie fell. There is no record evidence that a Wal-Mart employee or another Wal-Mart shopper saw or knew of the puddle before Bowie slipped. (Docket Entry No. 22-2 at 13–18). Bowie points to video evidence that some Wal-Mart employees worked at cash registers close to the bathroom, but it is undisputed that these employees could not see into the bathroom from the checkout counters to see whether there was a puddle. (Docket Entry Nos. 23-3, 23-4). *See Reece*, 81 S.W.3d at 816 ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937–38 (Tex. 1998) (the plaintiff could not prove notice element because there was no evidence as to how long macaroni salad had remained on store floor before the fall).

Bowie argues that because Wal-Mart policies required employees to routinely clean bathrooms during peak hours, and video recordings show that no Wal-Mart employee cleaned the bathroom from 7:30 p.m. until some time after Bowie fell, around 9:20 p.m., a reasonable jury can infer constructive notice. (Docket Entry Nos. 23-3, 23-4; Docket Entry No. 23-6 at 2–3). Bowie relies on *Moore v. K Mart Corp.*, 981 S.W.2d 266, 271 (Tex. App.—San Antonio 1998, pet. denied), which held that "constructive knowledge can be found if a reasonably careful inspection would have revealed an unreasonable risk." That case does not help Bowie. In *Moore*, a K Mart employee testified that she inspected a carpet border every other day. Because there was no evidence that the inspection did reveal, or that a more frequent inspection would have revealed, the border condition that allegedly caused the plaintiff to fall, the court held that

6

the plaintiff had not shown constructive notice. *Id.* at 270–71. There is no basis for an inference that Wal-Mart should have checked or cleaned the bathroom between 7:30 p.m. to 9:20 p.m. Nor is there evidence that a Wal-Mart employee frequently checking the bathroom between 7:30 p.m. and 9:20 p.m. would have seen the water. There is no evidence showing when the puddle under the bathroom sink formed or how long it was there before Bowie fell. No reasonable inference can be drawn that an inspection did not occur "on a routine schedule throughout peak business hours," (Docket Entry No. 23-6 at 2–3), or that a more frequent inspection would have revealed the puddle. *See Gillespie v. Kroger Texas, L.P.*, 415 S.W.3d 589 (Tex. App.—Dallas 2013, pet. denied) (although the plaintiff presented evidence that there was a leak at "some time" in the grocery store bathroom where she slipped, "there [was] no evidence to establish that there was a leak on the day of the incident, or to establish exactly what had occurred to cause the floor to be slippery . . . [and] no evidence that the leak or other dangerous condition existed long enough for [the grocery store] to have discovered it upon reasonable inspection"); *Rosario Dominguez v. Target Corp.*, No. 5:18-CV-23, 2018 WL 8583800, at *2–3 (S.D. Tex. July 25, 2018) (dismissing a premises liability claim because despite allegations that employees had not checked the bathroom for four hours before the plaintiff's fall, which was against store policy, the plaintiff did not allege how long the hazardous bathroom condition existed).

Last, Bowie points to evidence that Wal-Mart employees did not post a sign to warn customers about a puddle, place mats on the bathroom floor, or clean the restroom often as Bowie argues that Wal-Mart policy requires. (Docket Entry Nos. 23-1, 23-3, 23-4; Docket Entry No. 23-6 at 1–2, 8, 10–11). That evidence does not support an inference that the puddle was on the floor long enough before Bowie fell to put Wal-Mart on constructive notice. *See K Mart*

7

*Corp. v. Rhyne*, 932 S.W.2d 140, 143–44 (Tex. App.—Texarkana 1996, no writ) (evidence that a store employee created the hazardous condition was relevant to the knowledge element; evidence that no employee took action to repair the condition was relevant to whether the store failed to exercise reasonable care to reduce or eliminate a condition that it knew about actually or constructively).

The summary judgment evidence does not support an inference of notice to Wal-Mart triggering a duty to remove the water puddle before Bowie slipped. Summary judgment is granted.

### III. Conclusion

Wal-Mart's motion for summary judgment, (Docket Entry No. 22), is granted. Final judgment is entered by separate order.

SIGNED on November 19, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge